[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from a judgment of conviction, after a guilty plea to assault in the First Degree, a violation of General Statutes § 53a-59(a)(1), for which the petitioner received a term of imprisonment for eight years.
The petitioner claims that his imprisonment is unlawful because his trial counsel, Attorney Christopher Cosgrove, CT Page 1431-A rendered ineffective assistance by failing to argue certain facts at sentencing which the petitioner contends he told his attorney and which he insists would have mitigated his sentence.
The petitioner testified that he related to his attorney circumstances which would give rise to a theory of self defense on the merits, or which would be mitigating at sentencing by reason of the Petitioner's perceived need to defend himself at the time he shot the victim. His Alford plea was predicated, he testified, on the expectation that any evidence of self defense would be used to argue in mitigation of his sentence. At sentencing, no such argument was made and the petitioner received the maximum agreed sentence in spite of his counsel's admitted opportunity to argue for a lower sentence.
At the habeas hearing, Attorney Cosgrove testified that the petitioner presented him with no facts on which to base a self defense theory. To the contrary, Cosgrove's recollection was that the petitioner consistently denied being present at the time of the shooting. Cosgrove testified that the petitioner advanced a defense of alibi, specifically, that the petitioner was at work CT Page 1431-B when the assault occurred. Consgrove's [Cosgrove's] investigation of the petitioner's alibi revealed that he was not at work at the time of the shooting. when [When] confronted with this information the petitioner adamantly maintained his lack of knowledge about or involvement with the assault.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below and objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425, (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The habeas court must make every effort to eliminate the CT Page 1431-C distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation. Id.
In addition to the testimony of the petitioner and of Attorney Cosgrove, the court has reviewed transcripts of both the plea and sentencing hearings and the presentence investigation report prepared by the Office of Adult Probation. Based on this evidence the court concludes that the petitioner has failed to meet his burden of proving ineffective assistance on the part of his counsel.
Credibility is for the trier-of-fact to determine. The court finds Attorney Cosgrove's testimony believable and an accurate recital of events. In contrast, the court finds that the petitioner's testimony fails to correctly reflect the actual circumstances in question.
For these reasons, the petition is dismissed.
Robert A. Martin, Judge CT Page 1431-D